IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN ILLINOIS

| | |
|---|---|
| H. WILLIAMSON,<br>    PLAINTIFF,<br>v.<br><br>S. Sejda, (Ind Cap)<br>J. Noel, (Ind Cap)<br>    DEFENDANTS. | ) CASE: 21CV130<br>) JUDGE<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR MONETARY RELIEF

NOW COMES Plaintiff H. Williamson (a female and police officer), by counsel, and files this complaint for sex discrimination and for sexual harassment by the Defendants. Plaintiff states as follows through counsel:

## JURISDICTION & VENUE

(1)    Jurisdiction of this court arises under 28 U.S.C. §1331; 42 U.S.C. §1983 (and, for fees by way of §1988); the First Amendment; and 14th Amendment Equal Protection Clause.

(2)    Venue is had through 28 U.S.C. § 1391 and 2000e-5(f)(3). Defendants are residents in the geographic area for which the germane U.S. District Court is located; and that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## PARTIES

(3)    Plaintiff **H. WILLIAMSON** is female, and a legal adult and a resident of Porter County, Indiana. Plaintiff was harmed by the Defendants in Porter County, Indiana. She is employed as a police officer by the Hebron, Indiana Police Department.

1

(4) Defendant **S. Sejda** is male, a legal adult, and believed to be a resident of Indiana. **He is a state actor sued in his individual capacities. At all times herein, he was a supervisor of the Plaintiff.** He is employed by the Town of Hebron, Indiana as the assistant chief of police for the Hebron, Indiana Police Department.

(5) Defendant **J. Noel** is male, a legal adult, and believed to be a resident of Indiana. **He is a state actor sued in his individual capacities.** He is employed by the Town of Hebron, Indiana as the chief of police for the Hebron, Indiana Police Department.

## FACTS

( 1 )   Plaintiff is female.

( 2 )   Plaintiff is employed by Town of Hebron as a police officer.

( 3 )   The Town, at any given time, has six to seven officers including the chief of police and assistant chief of police.

( 4 )   Plaintiff has been a Hebron Police Officer for less than 2 years as of April 14, 2021, the date of filing of this Complaint.

( 5 )   Plaintiff has been subjected to deprivation of her civil rights, by the defendants (her supervisors), because she is a woman and because Defendant Sejda believes she is Gay.

( 6 )   Plaintiff asserts that in 2020, Defendant Sejda (when he was her sergeant) conveyed to her that female police officers are not welcomed in Hebron.

( 7 )   Defendant Sejda stated he hated working with "fucking females."

**( 8 )   Sejda (now the assistant chief of police) did, throughout 2020, repeatedly called and referred to Plaintiff as a whore –Sejda sounded out the word as "Hoe."**

( 9 )   Defendant Noel, the chief of police and supervisor to Plaintiff, told Plaintiff he could purchase her a "sexy police Halloween costume for' the Plaintiff 'to wear on duty." He made the offer approximately twice. Plaintiff was offended and confronted the Defendant.

( 1 0 )  Sejda has expressly defined Plaintiff as Lesbian.

( 1 1 )  Male employees are treated more favorably than has been Plaintiff who is female and perceived to be homosexual.

( 1 2 )  Plaintiff and a male officer sought to work on the midnight shift. Both were given midnight shift slots by the Defendants. Plaintiff was taken off the midnight shift by Defendant Sejda as retaliation for complaining about sexual harassment; however, the male on the midnight shift who had oral sex performed on him while he was on duty and on a call-for-service. The woman who performed the act received a video of the event and brought it the attention of the Defendants. The Defendants did not remove the male officer from the midnight shift.

( 1 3 )  Plaintiff asserts that the work environment is very hostile in nature because of the sexual harassment.

( 1 4 )   The nature of the hostile work environment is pervasive.

( 1 5 )   Plaintiff perceived (and perceives) the conduct in issue (supra.) to be offensive and sexually abusive.

( 1 6 )   Plaintiff states the Defendants are attempting to force her to resign (as in Constructive Discharge) because she is a woman; perceived to be Gay and because she has not ceased from complaining of sexual harassment.

( 1 7 )  Additionally, she has been subjected to altered terms and conditions of employment by way of sexual harassment.

( 1 8 )  Plaintiff has been retaliated against for having complained.

( 1 9 )  The retaliation has been experienced as further harassment and lack of flexibility by Defendants when it comes to giving her work schedules, among other things. By example, a lack flexibility by Defendants and erroneous, consistent accusations of wrongdoing against Plaintiff.

( 2 0 )  Because Plaintiff has exercised her First Amendment right to complain of sexual harassment by Defendants, she has been accused of tampering with GPS among other things.

( 2 1 )  Plaintiff was subjected to such above-described environment because her sex is female and such misconduct was (and is) in pursuit of sexual harassment and retaliation.

( 2 2 )  But for Plaintiff being female, she would not have been subject to deprivation of her rights.

### COUNT I: 42 U.S.C. § 1983
### Sex Discrimination, Sexual Harassment, & Hostile Work Environment and Equal Protection Clause Violation; and Failure to Supervise by Defendant Noel

(1)  Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2)  Defendants, under color of law, deprived Plaintiff of her civil rights because she is female and perceived to be Gay.

(3)  Similarly situated males were not deprived of their civil rights.

(4)  Plaintiff has been denied --by Defendants-- of equal protection of laws.

(5) Defendant Noel, as chief of police, was personally involved in the harassment of Plaintiff. He failed to protect Plaintiff from Defendant Sejda.

(6) When Defendant Noel learned of "more" sexual harassment of Plaintiff by Sejda, Noel had notice of Defendant Sejda's prior misconduct especially that Sejda was calling the Plaintiff "Hoe" (sic).

(7) Defendant Noel failed to supervise Defendant Sejda thus enabling Sejda to harass the Plaintiff.

(8) Noel acquiesced as to Sejda's conduct.

(9) The conduct referenced above (and in the Facts section) occurred because of Plaintiff's sex and because she is perceived as Gay.

(10) Plaintiff suffered harm to include deprivation of constitutional rights, pain and suffering; stigma damage; humiliation; stress; and legal fees.

(11) Defendants' conduct was and is the proximate cause and substantial factor in causing Plaintiff's harm.

WHEREFORE, and that there is sought, judgment against all Defendants for actual, general, special, compensatory damages in the amount of $100,000.00, plus punitive damages and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II: 42 USC 1983
### Retaliation

(1) Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the

same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2) Plaintiff engaged in Constitutionally protected activity when she complained to Defendants of sexual harassment.

(3) Defendants were aware of the aforementioned protected activity when they retaliated against Plaintiff.

(4) Defendants knew or had to know that their misconduct in the work environment, would become so overwhelming and intolerable for the Plaintiff that she would consider resigning as a police officer because of the hostile work environment.

(5) Plaintiff did suffer harm and incurred damages.

(6) Defendants proximately caused the harm, injury, and damages.

(7) Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.

WHEREFORE, and that there is sought, judgment against Defendants for actual, general, special, compensatory damages in an amount in excess of $200,000.00, and further demands judgment against the Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT III: 42 U.S.C. § 1983
### First Amendment Violation

(1) Plaintiff repeats, re-alleges and incorporates by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled "FACTS," with the same force and effect as if herein set forth. The facts section is to be read as Paragraph 1 of this count.

(2) Plaintiff engaged in Constitutionally protected activity when she complained to Defendants of sexual harassment.

(3) Plaintiff was retaliated against for speech that is of public interest and spoken by her as a citizen.

(3) Plaintiff did suffer harm and incurred damages.

(4) Defendants proximately caused the harm, injury, and damages.

(5) Plaintiff suffered harm to include deprivation of rights, pain and suffering; stigma; loss of income; humiliation; and garden variety stress.

WHEREFORE, and that there is sought, judgment against Defendants for actual, general, special, compensatory damages in an amount in excess of $200,000.00, and further demands judgment against Defendants jointly and severally, and for the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**\*Plaintiff hereby makes a demand for a Jury.**

DATED:  4-14-2021
Respectfully Submitted,
s\Christopher Cooper, ESQ., Plaintiff's Counsel
A FRATERNAL ORDER OF POLICE LEGAL DEFENSE PLAN ATTORNEY
Law Office of Christopher Cooper, INC.
105 W. Madison Street, Suite 1350, Chicago, Il 60602
Tel: 312 473 2968; FAX: 866 334 7458; E-Mail: cooperlaw3234@gmail.com


Pursuant to 28 U.S.C. 1746, I H. WILLIAMSON, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents thereof to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.

Plaintiff's Signature: s\H. WILLIAMSON, 4-14-21